JOHN C. WEGNER,
*Referee.*

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

SAMUEL TUTT, PETITIONER, v. CALCO CHEMICAL COMPANY, INCORPORATED, RESPONDENT.

Decided May 11, 1937.

For the petitioner, *Theodore Strong & Son.*

For the respondent, *Gilbert E. Crogan.*

\*     \*     \*     \*     \*     \*     \*

It is undisputed that the petitioner was employed by respondent from July 12th, 1933, to and including June 11th, 1936; and that petitioner was employed on the iron borings gang in respondent's aniline shop from the date of his employment to February 17th, 1936, as a general laborer assigned to tending condensers in that shop from February 17th, 1936, to April 15th, 1936, and in other parts of the plant not operated in conjunction with the aniline shop from April 15th, 1936, to the date he last worked for respondent.

The petitioner testified that except for a mastoid operation in the summer of 1935, he enjoyed good health until Feb-

ruary, 1936, when he first noticed some physical weakness but that there was not much distress until May, 1936, when shortness of breath accompanied by pains in the chest and inability to sleep at night developed; that in June, 1936, his family physician recommended that he take a short rest from work which he did, but has not returned to work since that time.

The petitioner testified that during the course of his employment with respondent he was never forced to take any time off because of having been overcome or made sick from aniline or its vapors.

It appears from the testimony that when complaining of illness in February, 1936, petitioner went to the medical department of respondent where he was examined by Doctors D. O. Hamblin and A. F. Mangelsdorff who diagnosed his difficulty as bronchial asthma and administered adrenalin, whereby petitioner secured relief; that a complete physical examination at that time disclosed no other pathology; and that the bronchial asthma cleared up within a few days as subsequent check by these doctors revealed that petitioner was relieved by the treatment given and no further complaints were made by petitioner although he was examined on several occasions thereafter prior to June, 1936. The testimony further shows that in June, 1936, the same doctors again examined the petitioner upon his complaint and found that he had a recurrence of bronchial asthma and since petitioner stated that he was under the care of his family physician at that time referred him to that doctor for treatment; that a complete physical examination at this time likewise disclosed no other pathology.

Dr. A. F. Mangelsdorff further testified that two routine medical examinations conducted by him in accordance with the regulations of respondent on January 2d and October 16th, 1935, showed that petitioner was in normal health.

Dr. E. Gaylord Howell, petitioner's family physician, in June, 1936, testified that he diagnosed the petitioner's ailment as bronchial asthma and treated him for same whereby his patient secured relief. The petitioner testified that in August, 1936, he changed doctors and placed himself in the care of Dr. Neil S. McLeod of New Brunswick. This doctor

diagnosed his ailment as "poisoning due to exposure to nitro benzene compound, oil of myrbane, oil of aniline, &c."

Dr. McLeod, testifying on behalf of petitioner, stated that petitioner at the time he first saw him was suffering from bronchial asthma but that his condition had cleared up; that petitioner had an anemia but admitted that it was only a low grade secondary anemia and that many persons having an anemia of like degree which might well result from many causes wholly unrelated to employment were working day in and day out, performing their work satisfactorily and without bodily ill effects; and that because X-rays taken of the petitioner were negative for pathology of the heart and lungs, upon learning of his place of employment, he immediately concluded without further investigation or consultation with any doctor experienced in industrial poisoning cases that petitioner had poisoning "due to exposure to nitro benzene compound, oil of myrbane, oil of aniline, &c." The testimony on behalf of respondent reveals that oil of myrbane and nitro benzene are one and the same. The testimony further reveals that petitioner never worked in contact with benzene. In his testimony Dr. McLeod admitted that he had never treated a case of aniline poisoning during the course of his practice, that he did not consult any other physician acquainted with this type of case, and that the only reference he investigated was Thompson on "Occupational Diseases," which was published in 1914. It should be pointed out that substantial advances have been made in medical knowledge and information concerning the toxic effects of chemicals since the publication of this work. In fact, the making of certain industrial diseases compensable under the Compensation act was not adopted in this jurisdiction until 1924. See *Pamph. L.* 1924, *ch.* 124; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3883, § **236-26.

Dr. Harrison S. Martland, a leading clinical pathologist of wide experience with industrial poisoning, particularly benzene and aniline, testifying on behalf of respondent stated that he examined petitioner and blood smears taken of petitioner's blood on March 12th, 1937, at which time it was his opinion that petitioner was in normal health having no anemia

and was not then suffering from aniline poisoning or any other industrial poisoning and that he could find no evidence based on his examination on said date that petitioner had ever suffered from aniline poisoning or any other type of industrial poisoning.

Doctors D. O. Hamblin and A. F. Mangelsdorff, testifying on behalf of respondent, stated that they had examined the petitioner as above set forth during 1935 and 1936 and that at no time did petitioner evidence any symptoms of aniline poisoning or any other type of industrial poisoning.

Doctors Howell and McLeod testifying on behalf of petitioner, and Doctors Martland, Hamblin and Mangelsdorff testifying on behalf of respondent, agreed that asthma is caused by sensitivity to certain things but that upon removal of the patient from exposure to the substance causing the asthma, relief is usually promptly obtained. Petitioner was not working in the aniline shop of respondent at the time he suffered a recurrence of bronchial asthma in June, 1936, and had not been for approximately two months prior thereto.

I find and determine, therefore, that petitioner's bronchial asthma was not due to or in any way connected with his employment in the aniline shop of respondent. This finding is amply supported by the testimony of Doctors Martland, Hamblin and Mangelsdorff, all of whom stated that aniline or its fumes have never been known to cause asthma.

I further find and determine that petitioner is not presently suffering and has not suffered from aniline poisoning or any other industrial poisoning arising out of or acquired during the course of his employment with respondent.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

JOHN C. WEGNER,
*Referee.*